UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

LAWRENCE CONLEY                                              Case No. 08-CV-13432
and STEPHANIE K. CONLEY,                                     Honorable John Corbett O'Meara

    Appellants,

_____/

v.

CENTRAL MORTGAGE COMPANY,

    Appellee.

_____/

**ORDER GRANTING APPELLANT'S APPEAL AND
REVERSING BANKRUPTCY COURT'S DECISION**

    This matter came before the court on appellants Lawrence Conley and Stephanie K. Conley's August 22, 2008 appeal of the bankruptcy court's Order Granting Motion to Quash "Qualified Written Request," issued May 6, 2008. Appellee filed its brief November 12, 2008. Appellants filed a reply brief on November 24, 2008. No oral argument was heard.

**BACKGROUND FACTS**

    The Real Estate Settlement Procedures Act ("RESPA") is a federal consumer protection act enacted in 1974. RESPA requires any servicer of a federally related mortgage loan to respond to a Qualified Written Request ("QWR") for information by a borrower concerning the servicing of a loan. A QWR is "a written correspondence, other than notice on a payment coupon or other payment medium supplied by the servicer that (1) includes, or otherwise enables the servicer to identify the name and account of the borrower; and (2) includes a statement of the

reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower." 12 U.S.C. § 2605(e)(1)(B). Under RESPA, a servicer of a federally related mortgage loan must provide a written response acknowledging receipt of a QWR within twenty days. 12 U.S.C. § 2605(e)(1)(A). The servicer then has sixty days in which to make appropriate corrections and notify the borrower of those corrections, conduct an investigation and provide a written statement of the reasons the servicer believes the account is correct, or conduct an investigation and provide a written statement including information requested by the borrower or the reasons that information is unavailable. 12 U.S.C. § 2605(e)(2).

     The Bankruptcy Code was enacted in 1978. The Bankruptcy Code provides that a claim may be filed and is deemed allowed (11 U.S.C. § 502(a)) unless a party objects (11 U.S.C. § 502(b)). A party may file an objection to a claim under the Federal Rules of Bankruptcy Procedure Rule 3007. However, "there must be some evidence present in order to overcome the *prima facie* case established by a proof of claim executed and filed in accordance with the Federal Rules of Bankruptcy Procedure. Figard v. PHH Mortgage Corp. (In re Figard), 382 B.R. 695, 711 (W.D. Penn. 2008). Moreover, a party who objects to a properly filed proof of claim without any evidence may face sanctions. F. R. Bankr. P. 9011(c); In re Figard, 382 B.R. at 711. If there is an existing adversary proceeding, a party may obtain information through the discovery provisions of Rule 7000. Parts of the discovery process under Rule 7000 are applicable in contested matters under Rule 9014. If a party requires more information and there is no existing adversary proceeding or contested matter, the court may order the examination of any entity on motion of any party in interest. F. R. Bankr. P. Rule 2004.

This Chapter 13 bankruptcy action was filed by Appellants on August 28, 2007. On January 3, 2008, Appellee filed an Objection to Confirmation, alleging that Appellants were two months in arrears on their mortgage payments. In response, on January 10, 2008, Appellants filed a Response to Objections to Confirmation Filed by Mortgage Electronic Registration Systems, Inc. In addition, on January 15, 2008, Appellants sent to Appellee a QWR pursuant to RESPA. Appellee filed a Motion to Quash "Qualified Written Request" on February 19, 2008. Following oral arguments on April 15, 2008, the bankruptcy court issued an Order Granting Motion to Quash "Qualified Written Request" on May 6, 2008.

Appellants' Motion for Reconsideration (To Alter or Amend the Judgment Under Rule 9023) was denied on July 14, 2008. Appellants subsequently filed this appeal.

## STANDARD OF REVIEW

"A district court reviewing a bankruptcy court's decision in a 'core proceeding' functions as an appellate court, applying the standards of review normally applied by federal appellate courts." In re H.J. Scheirich Co., 982 F.2d 945, 949 (6th Cir. 1993). The bankruptcy court's findings of fact "shall not be set aside unless clearly erroneous." Id. at 949. However, a district court reviews the bankruptcy court's conclusions of law *de novo.* Longo v. McLaren, 3 F.3d 98 (6th Cir. 1993); White v. Lewis (In re Lewis), 392 B.R. 308 (E.D. Mich. 2008).

## LAW AND ANALYSIS

The bankruptcy court quashed Appellants' QWR because the court found that Appellants are able to obtain the same information through the Bankruptcy Code. Proceeding under the Bankruptcy Code would allow the court to supervise the process and, if necessary, impose stronger sanctions than RESPA allows. The court relied on Ameriquest Mortgage Co. v. Nosek (In re Nosek), 354 B.R. 331, 339 (D. Mass. 2006), which held that the Federal Rules of

3

Bankruptcy Procedure preempt RESPA when the same result is sought through conflicting remedial vehicles.

At the outset, this court notes that federal statutes do not preempt other federal statutes. The preemption doctrine, which is based on the Supremacy Clause of the United States Constitution, applies where there are conflicting federal and state statutes. L.A. Public Serv. Com. v. FCC, 476 U.S. 355, 369 (1986) ("Pre-emption occurs when Congress, in enacting a federal statute, expresses a clear intent to pre-empt state law.") (quoted in Norfolk W. R. Co. v. Public Utilities Com., 926 F.2d 567, 570 (6th Cir. 1991)). Because RESPA and the Bankruptcy Code are both federal statutes, one will not preempt the other. To the extent that In re Nosak improperly applies a preemption analysis, this court declines to rely upon it.

The proper question is whether the Bankruptcy Code implicitly repeals RESPA. See Randolph v. IMBS, Inc., 368 F.3d 726, 730 (7th Cir. 2004) ("[w]hen two federal statutes address the same subject in different ways, the right question is whether one implicitly repeals the other…"). The Supreme Court has stressed that, "absent a clearly expressed congressional intention, repeals by implication are not favored. An implied repeal will only be found where provisions in two statutes are in irreconcilable conflict, or where the latter act covers the whole subject of the earlier one and is clearly intended as a substitute." Branch v. Smith, 538 U.S. 254, 273 (2003) (internal quotations omitted). See Beckert v. Our Lady of Angels Apartments, Inc., 192 F.3d 601, 606 (6th Cir. 1999) (holding that a general statute prohibiting discrimination in provision of housing on the basis of a handicap was not clearly intended as a substitute for a statute providing a funding mechanism and standards for particular categories of housing). Whether a statute is impliedly repealed because of either irreconcilable conflict or substitution

4

"is a question of legislative intent to be ascertained by the application of the accepted rules for ascertaining that intention." Posadas v. Nat'l City Bank, 296 U.S. 497, 504 (1936). If two statutes are capable of co-existence, "it is the duty of the courts, absent a clearly expressed congressional intention to the contrary, to regard each as effective." Morton v. Mancari, 417 U.S. 535, 551 (1974) (quoted in Beckert, 192 F.3d at 606).

It is plain that Congress did not intend the Bankruptcy Code to substitute for RESPA. The Bankruptcy Code applies only to those in bankruptcy, not the larger class of consumers not necessarily in bankruptcy. Therefore, the Bankruptcy Code does not cover the "whole subject" of RESPA and cannot be a substitute for it.

Nor does the existence of methods of obtaining information under the Bankruptcy Rules establish an irreconcilable conflict with RESPA. Appellees contend that Appellants had the means of obtaining information through the Bankruptcy Rules because the confirmation of Appellants' Chapter 13 Plan was in dispute at the time the QWR was sent. An objection to confirmation gives rise to a contested matter or adversary proceeding. First Savings and Loan Association of Saginaw v. Bennett (In re Bennett), 29 B.R. 380, 381 (Bankr. W.D. Mich. 1981). Because there was a contested matter or adversary proceeding, Appellants had all available means of obtaining information under Rule 9014. Appellants contend that Rule 9014's detailed exposition of which provisions of the Bankruptcy Rules and the Federal Rules of Civil Procedure apply indicates Congress' intent to exclude all other means of gathering information. Furthermore, the requirements for responding to QWR's differ from Rule 9014 in timing and other operational differences, which Appellants contend make the statutes irreconcilable. However, the detailed listing of rules applicable through Rule 9014 only indicates Congress'

5

intent that a party acting under Rule 9014 must use only the methods explicated in Rule 9014.  It does not indicate any congressional intent that a party who acts outside of Rule 9014 be barred from seeking information by means not explicated in Rule 9014.

In other words, the issue is not whether a QWR differs from Rule 9014 – it does – but whether the Bankruptcy Code and RESPA are irreconcilable.  Whether statutes are irreconcilable depends upon whether there is conflicting congressional intent.  Posadas, 296 U.S. at 504. RESPA is intended to insure that consumers receive greater and timelier information.  The intent of the Bankruptcy Code, and the corresponding Federal Rules of Bankruptcy Procedure, is to assemble all of the debtor's assets for the benefit of the creditors; in particular, 11 U.S.C. § 502 addresses proofs of claims and objections to claims.  Nothing in RESPA addresses the allowance or disallowance of a claim in bankruptcy or deprives the bankruptcy court of the exclusive authority to make determinations concerning bankruptcy claims.  Nor is there any reason to believe the Bankruptcy Code and Rules are intended to hinder consumers from receiving thorough and timely information.  Therefore, the intents of the statutes are not in conflict.

Indeed, the two statutes may frequently complement each other.  While Appellants in this case were arguably able to obtain the information they desired through Rule 9014, other debtors may wish to gather information where there is no adversary proceeding or contested matter or where the debtor does not yet have enough information to know whether or not to object to the proof of claim.  In re Figard, 382 B.R. at 711-12.  RESPA provides a means of doing so.

In short, RESPA and the Bankruptcy Code and Rules are not in irreconcilable conflict because the differences in how information is obtained under the statutes are operational, and the

intents behind the statutes do not conflict.  Nor, as discussed above, is the Bankruptcy Code intended as a substitute for RESPA.  Therefore, the Bankruptcy Code does not repeal RESPA.

Appellee must consider both statutes effective.  While this means that Appellants may obtain the same information through the Bankruptcy Code and Rules as through RESPA, the court cannot arbitrarily enforce one over the other.  Morton, 417 U.S. at 551 ("The courts are not at liberty to pick and choose among congressional enactments…").  Enforcement of both statutes should not impose too great a burden on Appellee or the bankruptcy courts.  It only requires that, if a creditor receives a QWR as defined in 12 U.S.C. § 2605(e)(1)(B), the creditor should respond according to the rules of RESPA.  Conversely, a creditor should comply with the Bankruptcy Code and Rules if a debtor seeks information through that route.  See Randolph, 368 F.3d at 731 ("Overlapping statutes do not repeal one another by implication; as long as people can comply with both, then courts can enforce both.").

## **ORDER**

It is hereby **ORDERED** that the bankruptcy court's decision is **REVERSED** and the May 6, 2008 Order Granting Motion to Quash is **VACATED**.


Date: August 11, 2009                                       s/John Corbett O'Meara
                                                                      United States District Judge


I hereby certify that a copy of this order was served upon the parties of record on this date, August 11, 2009, via CM/ECF and/or ordinary U.S. mail.

                                                                                  s/William Barkholz
                                                                                  Case Manager